IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| LIGHT TRANSFORMATION TECHNOLOGIES LLC,<br><br>     PLAINTIFF,<br><br>  v.<br><br>GENERAL ELECTRIC COMPANY; GE LIGHTING SOLUTIONS, LLC; GE LIGHTING, INC.; GE LIGHTING, LLC; GE LIGHTING SYSTEMS, LLC; GE LIGHTING SYSTEMS, INC.; and WAL-MART STORES, INC.<br><br>     DEFENDANTS. | CASE NO.:<br><br>JURY TRIAL DEMANDED |

## ORIGINAL COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff Light Transformation Technologies LLC files this Complaint against Defendants General Electric Company; GE Lighting Solutions, LLC; GE Lighting, Inc.; GE Lighting, LLC; GE Lighting Systems, LLC; GE Lighting Systems, Inc.; and Wal-Mart Stores, Inc. (collectively "Defendants"), as follows:

## PARTIES

1. Plaintiff Light Transformation Technologies LLC ("LTT") is a Texas limited liability company with a place of business in Frisco, Texas.

2. On information and belief, General Electric Company is a New York corporation with a place of business Fairfield, Connecticut. On information and belief, GE Lighting Solutions, LLC is a Delaware limited liability company with a place of business in Cleveland, Ohio. On information and belief, GE Lighting, Inc. is a Delaware corporation with a place of business in Cleveland, Ohio. On information and belief, GE Lighting, LLC is a Delaware limited

liability company with a place of business in Cleveland, Ohio. On information and belief, GE Lighting Systems, LLC is a Delaware limited liability company with a place of business in Cleveland, Ohio. On information and belief, GE Lighting Systems, Inc. is a Delaware corporation with a place of business in Cleveland, Ohio. Hereinafter, General Electric Company; GE Lighting Solutions, LLC; GE Lighting, Inc.; GE Lighting, LLC; GE Lighting Systems, LLC; and GE Lighting Systems, Inc. are collectively referred to as "GE"

3. On information and belief, Wal-Mart Stores, Inc. ("Wal-Mart") is a Delaware corporation with a place of business in Bentonville, Arkansas.

## JURISDICTION AND VENUE

4. This action arises under the patent laws of the United States, Title 35 of the United States Code. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

5. On information and belief, Defendants are subject to this Court's specific and general personal jurisdiction, pursuant to due process and/or the Texas Long Arm Statute, due at least to its substantial business in this forum, including related to the infringements alleged herein. Further, on information and belief, Defendants, within this district, directly and/or through intermediaries, have advertised (including through websites), offered to sell, sold and/or distributed infringing products, and/or have induced the sale and use of infringing products.

6. Further, on information and belief, Defendants are subject to the Court's general jurisdiction, including from regularly doing or soliciting business, engaging in other persistent courses of conduct, and/or deriving substantial revenue from goods and services provided to persons or entities in Texas.

7. Venue is proper in this district under 28 U.S.C. §§ 1391(b), 1391(c) and 1400(b). Without limitation, on information and belief, Defendants are subject to personal jurisdiction in this district. On information and belief, Defendants are subject to this Court's specific and general personal jurisdiction in this district, pursuant to due process and/or the Texas Long Arm Statute, due at least to its substantial business in this district, including related to the infringements alleged herein. Further, on information and belief, Defendants, within this district, directly and/or through intermediaries, have advertised (including through websites), offered to sell, sold and/or distributed infringing products, and/or have induced the sale and use of infringing products. Further, on information and belief, Defendants is subject to the Court's general jurisdiction in this district, including from regularly doing or soliciting business, engaging in other persistent courses of conduct, and/or deriving substantial revenue from goods and services provided to persons or entities in this district.

**COUNT I**
**INFRINGEMENT OF U.S. PATENT NO. 8,220,959**

8. LTT is the exclusive licensee of United States Patent No. 8,220,959 (the "'959 Patent"), entitled "HIGHLY EFFICIENT LUMINAIRE HAVING OPTICAL TRANSFORMER PROVIDING PRECACLULATED ANGULAR INTENSITY DISTRIBUTION AND METHOD THEREFORE." The '959 patent was duly and legally issued on July 17, 2012.

9. As exclusive licensee, LTT holds all substantial rights in and to the '959 patent, including, without limitation, the exclusive right to grant sublicenses, to sue for and collect past, present and future damages, and the exclusive right to seek and obtain injunctive relief or any other relief for infringement of the '959 patent. Accordingly, LTT has standing to bring this lawsuit for infringement of the '959 patent.

10. On information and belief, GE has been and now is infringing the '959 patent by actions comprising making, using, selling, offering for sale and/or importing LED light bulbs and similar lighting devices, such as the GE PAR30 LED Light Bulb, GE PAR20 LED Light Bulbs, GE MR16 Light Bulbs and similar LED light bulbs, that contain light transformers comprising (a) a first end that receives light from a light source; (b) a second end, located on an opposite end of the light transformer from the first end, that outputs the received light; (c) a first member, located on a third end of the light transformer between the first end and the second end, that has an outer wall comprising a total internal reflection surface that redirects and redistributes the received light in a direction of the second end; (d) a first opening located at an end of the first member that is substantially perpendicular to the axis of light direction; (e) a second member located on a fourth end of light transformer, the fourth end located on an opposite end of the light transformer from the third end, between the first end and the second end, the second member having an outer wall comprising a total internal reflection surface which redirects and redistributes the received light in a direction of the second end; (f) a second opening located at an end of the second member, the second opening being substantially perpendicular to the axis of light direction, the second opening further being symmetrical across the axis of light direction with the first opening; (g) and an aspheric lens located between the first and the second members, the aspheric lens having an input side on the first end of light transformer and an output side on the second end of light transformer, the output side of aspheric lens located between the first and the second openings.

11. On information and belief, Wal-Mart has been and now is infringing the '959 patent by actions comprising using, selling, offering for sale and/or importing LED light bulbs and similar lighting devices, such as the GE PAR30 LED Light Bulb, Feit Electric PAR38 LED

Light Bulb, Feit Electric PAR20 LED Light Bulb and similar LED light bulbs, that contain light transformers comprising (a) a first end that receives light from a light source; (b) a second end, located on an opposite end of the light transformer from the first end, that outputs the received light; (c) a first member, located on a third end of the light transformer between the first end and the second end, that has an outer wall comprising a total internal reflection surface that redirects and redistributes the received light in a direction of the second end; (d) a first opening located at an end of the first member that is substantially perpendicular to the axis of light direction; (e) a second member located on a fourth end of light transformer, the fourth end located on an opposite end of the light transformer from the third end, between the first end and the second end, the second member having an outer wall comprising a total internal reflection surface which redirects and redistributes the received light in a direction of the second end; (f) a second opening located at an end of the second member, the second opening being substantially perpendicular to the axis of light direction, the second opening further being symmetrical across the axis of light direction with the first opening; (g) and an aspheric lens located between the first and the second members, the aspheric lens having an input side on the first end of light transformer and an output side on the second end of light transformer, the output side of aspheric lens located between the first and the second openings.

## COUNT II
## INFRINGEMENT OF U.S. PATENT NO. 6,951,418

12.     LTT is the exclusive licensee of United States Patent No. 6,951,418 (the "'418 Patent"), entitled "HIGHLY EFFICIENT LUMINAIRE HAVING OPTICAL TRANSFORMER PROVIDING PRECALCULATED ANGULAR INTENSITY DISTRIBUTION AND METHOD THEREFORE." The '418 patent was duly and legally issued on October 4, 2005.

13.     As exclusive licensee, LTT holds all substantial rights in and to the '418 patent, including, without limitation, the exclusive right to grant sublicenses, to sue for and collect past, present and future damages, and the exclusive right to seek and obtain injunctive relief or any other relief for infringement of the '418 patent. Accordingly, LTT has standing to bring this lawsuit for infringement of the '418 patent.

14.     On information and belief, Wal-Mart has been and now is infringing the '418 patent by actions comprising using, selling, offering for sale and/or importing LED light bulbs and similar lighting devices, such as the Feit Electric Chandelier LED light bulb and similar LED light bulbs, that comprise (a) a housing; (b) a light assembly supported by the housing, the light assembly including (b)(i) a light source for emitting light; (b)(ii) and a light pipe having a first end in close association with the light source for coupling the light thereinto, and a second end opposite the first end from which the light is dispersed; (b)(iii) and a light transformer between the first end and the second end of the light pipe in close proximity to the second end with a transformer axis coaxial to the longitudinal axis of the light pipe, the light transformer having a curved conical reflective surface that redirects and redistributes light received from the light source, wherein the light transformer provides an omnidirectional pattern in a horizontal plane with precalculated angular luminous intensity distribution in a vertical plane.

<u>COUNT III</u><br><u>INFRINGEMENT OF U.S. PATENT NO. 6,543,911</u>

15.     LTT is the exclusive licensee of United States Patent No. 6,543,911 (the "'911 Patent"), entitled "HIGHLY EFFICIENT LUMINAIRE HAVING OPTICAL TRANSFORMER PROVIDING PRECALCULATED ANGULAR INTENSITY DISTRIBUTION AND METHOD THEREFORE." The '911 patent was duly and legally issued on April 8, 2003.

16.     As exclusive licensee, LTT holds all substantial rights in and to the '911 patent, including, without limitation, the exclusive right to grant sublicenses, to sue for and collect past, present and future damages, and the exclusive right to seek and obtain injunctive relief or any other relief for infringement of the '911 patent. Accordingly, LTT has standing to bring this lawsuit for infringement of the '911 patent.

17.     On information and belief, GE has been and now is infringing the '911 patent by actions comprising making, using, selling, offering for sale and/or importing LED light bulbs and similar lighting devices, such as the GE MR16 LED Light Bulb and similar LED light bulbs, that contain light transformers comprising (a) a first end that receives light from the light source; (b) a second end that outputs the received light, the second end located on an opposite end of the light transformer from the first end; (c) a first member located on a third end of the light transformer between the first end and the second end, wherein the first member has an outer wall comprising a total internal reflection surface that redirects and redistributes the received light in a direction of the second end; (d) a first planar light transformer window located at an end of the first member, the first planar light transformer window being substantially perpendicular to the axis of light direction; a second member located on a fourth end of light transformer, the fourth end located on an opposite end of the light transformer from the third end, between the first end and the second end, the second member having an outer wall comprising a total internal reflection surface which redirects and redistributes the received light in a direction of the second end; (e) a second planar light transformer window located at an end of the second member, the second planar light transformer window being substantially perpendicular to the axis of light direction, the second planar light transformer window further being symmetrical across the axis of light direction with the first planar light transformer window; (f) and an aspheric lens located

between the first and the second members, the aspheric lens having an input side on the first end of light transformer and an output side on the second end of light transformer, the output side of aspheric lens located between the first and the second planar light transformer windows.

18. Further, on information and belief, Wal-Mart has been and now is infringing the '911 patent by actions comprising using, selling, offering for sale and/or importing LED light bulbs and similar lighting devices, such as the Feit Electric Chandelier LED light bulb and similar LED light bulbs, that comprise (a) a single light source that emits light; (b) a light transformer having a curved conical reflective surface, the reflective surface reflecting most of the light emitted by the light source, said light source located on cone axis on or close to cone vertex; and (c) an light transformer window that transmits the light to the exterior of the light transformer, said transmitted light having a pattern determined by a precalculated angular luminous intensity distribution of high efficiency, wherein the light transformer window forms a truncated cone with the light transformer.

19. As a result of Defendants' infringing conduct with respect to the foregoing three patents, Defendants have damaged LTT. Defendants are liable to LTT in an amount that adequately compensates LTT for their infringement, which, by law, can be no less than a reasonable royalty.

## JOINDER

20. Joinder of GE and Wal-Mart is proper under 35 U.S.C. § 299, at least due to Wal-Mart' selling and/or offering for sale of the foregoing GE branded accused products which are made, used, sold, offered for sale, and/or imported by GE.

## PRAYER FOR RELIEF

WHEREFORE, LTT respectfully requests that this Court enter:

1. A judgment in favor of LTT that GE has infringed the '959, and '911 Patents, and that Wal-Mart has infringed the '959, '418, and '911 Patents;

2. A permanent injunction enjoining GE, and its officers, directors, agents, servants, affiliates, employees, divisions, branches, subsidiaries, parents, and all others acting in active concert therewith from infringing the '959 and '911 Patents; and enjoining Wal-Mart, and its officers, directors, agents, servants, affiliates, employees, divisions, branches, subsidiaries, parents, and all others acting in active concert therewith from infringing the '959, '911, and '418 Patents

3. A judgment and order requiring GE to pay LTT its damages, costs, expenses, fees and prejudgment and post-judgment interest for its infringement of the '959 and '911 Patents as provided under 35 U.S.C. §§ 284 and/or 285; and requiring Wal-Mart to pay LTT its damages, costs, expenses, fees and prejudgment and post-judgment interest for its infringement of the '959, '418, and '911 Patents as provided under 35 U.S.C. §§ 284 and/or 285; and

4. Any and all other relief to which LTT may show itself to be entitled.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, LTT requests a trial by jury of any issues so triable by right.

December 28, 2012                                    Respectfully submitted,

By: /s/ *Henry M. Pogorzelski*
Henry M. Pogorzelski – Lead Counsel
Texas Bar No. 24007852
Michael J. Collins
Texas Bar No. 04614510
John J. Edmonds
Texas State Bar No. 789758

9

Johnathan K. Yazdani
Texas Bar No. 24079616
COLLINS, EDMONDS & POGORZELSKI,
SCHLATHER & TOWER, PLLC
1616 S. Voss Road, Suite 125
Houston, Texas 77057
Telephone: (281) 501-3425
Facsimile: (832) 415-2535
hpogorzelski@cepiplaw.com
mcollins@cepiplaw.com
jedmonds@cepiplaw.com
jyazdani@cepiplaw.com

Stafford Davis
State Bar No. 24054605
The Stafford Davis Firm, PC
305 S. Broadway, Suite 406
Tyler, Texas 75702
Phone: (903) 593-7000
Fax: (903) 705-7369
Email: sdavis@stafforddavisfirm.com


ATTORNEYS FOR PLAINTIFF
LIGHT TRANSFORMATION
TECHNOLOGIES LLC